UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————————X

JOSEPH LIGHT,

                Petitioner,

-against-

UNITED STATES OF AMERICA

                Respondent.
————————————————————X

**MEMORANDUM AND ORDER**
05-CV-1573 (DLI)

IRIZARRY, United States District Judge:

Petitioner, appearing *pro se*, files this petition for a writ of mandamus pursuant to 28 U.S.C. § 1361, seeking to compel respondent to schedule a hearing regarding his violation of a supervised release program. The Court grants petitioner's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) but denies the petition pursuant to 28 U.S.C. § 1915A.

Background

Petitioner alleges that on October 31, 2003, while he was on supervised release pursuant to a federal conviction, see United States v. Bellafiore, et al., 00-CR-0824 (ERK), he was arrested on state criminal charges. Pet. ¶ 2. Petitioner was held at Rikers Island, and on November 10, 2003, the United States Marshals Service issued a detainer against petitioner based on violations of the conditions of his supervised release. See id., Ex. A. Petitioner was convicted in Kings County Supreme Court and sentenced on September 9, 2004 to a determinate sentence of seven years. Id. ¶ 4. Petitioner, currently serving his state conviction at Auburn Correctional Facility, alleges that because of the detainer against him, he is being held in a maximum security facility and is being denied access to rehabilitation and early release programs. Id. ¶¶ 6, 8. Petitioner requests that this Court immediately schedule a hearing

1



regarding the violation of his supervised release, alleging that a "final disposition" would lift the detainer and allow him to participate in the programs. Id. ¶ 7. Finally, petitioner argues that if he is required to wait until he completes his state sentence before receiving a hearing, he will be unfairly prejudiced and unable to adequately defend himself due to the passage of time between the violation and hearing. Id. ¶ 9.

Standard of Review

Section 1915A requires this Court to review the complaint in a civil action in which a prisoner seeks redress from officers or employees of a governmental agency and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam). An action is frivolous as a matter of law when, inter alia, it is based on an "indisputably meritless legal theory"– that is, when it "lacks an arguable basis in law..., or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). In addition, as petitioner is proceeding *pro se*, this Court is obliged to construe his pleadings liberally. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). Thus, this Court must interpret petitioner's pleadings to raise the strongest arguments they suggest. Id.

Writ of Mandamus

Petitioner brings this action pursuant to 28 U.S.C. § 1361, which gives district courts jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Petitioner must meet three elements for a writ of mandamus to issue: "(1) a clear right ... to the relief sought, (2) a plainly defined and peremptory duty on the defendant's part to do the act in question, and (3)

2

lack of another available, adequate remedy." Billiteri v. United States Bd. of Parole, 541 F.2d 938, 946 (2d Cir. 1976) (citations omitted); accord Anderson v. Bowen, 881 F.2d 1, 5 (2d Cir. 1989).

Here, it is clear that petitioner fails to meet the standard for mandamus relief. At the outset, there is no right to have an immediate hearing on his federal detainer. In fact, the detainer only constitutes "an internal administrative mechanism to assure that an inmate subject to an unexpired term of confinement will not be released from custody until jurisdiction asserting a parole violation[1] has had opportunity to act." Moody v. Daggett, 429 U.S. 78, 80-81 n.2 (1976); see also Maggio v. United States Parole Comm'n, 466 F. Supp. 322, 325 (E.D.N.Y. 1979) (When "an unexecuted federal parole violator warrant is lodged with state prison officials as a detainer, at least where the warrant is based on a state conviction for a felony which was committed while the prisoner was on federal parole," the prisoner does not suffer a deprivation of liberty amounting to prejudice.). After a detainer has been issued against a prisoner, there is "no constitutional duty to provide petitioner an adversary [] hearing until he is taken into custody" as a supervised release violator. See Ramos, 2005 WL 583752, at *3 (quoting Moody, 429 U.S. at 89). Therefore, "delay between a [petitioner]'s violation of supervised release and the execution of the violation warrant does not, in and of itself, violate a [petitioner]'s due process rights." Sanchez, 225 F.3d at 175.

In addition, petitioner seeks a disposition of the detainer so that he can participate in early release programs. However, it is entirely speculative that a timely dispositional review would lead to the lifting of the detainer. See Castronova v. United States Parole Comm'n, No. 94-CV-

---

[1] The Second Circuit "considers the constitutional protections for revocation of supervised release to be the same as those afforded for revocation of parole or probation." United States v. Ramos, No. 04-2004-CR, 2005 WL 583752, at *3 (2d Cir. Mar. 14, 2005) (quoting United States v. Sanchez, 225 F.3d 172, 175 (2d Cir. 2000)).

3

606S, 1995 WL 604327, at *6 (W.D.N.Y. Aug. 29, 1995). In any event, prisoners do not have a protected constitutional interest in early, work or temporary release programs or other facility programs. See, e.g., Moody, 429 U.S. at 88 n.9 (presence of parole warrant and detainer which adversely affected prisoner's classification and qualification for institutional programs did not violate due process); see also Lee v. Governor of State of New York, 87 F.3d 55, 59 (2d Cir. 1999) (no right to temporary release programs). Furthermore, a prisoner does not have an inherent liberty interest to an early release. Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979).

Since petitioner has failed to show that he has a clear right to the remedy he seeks and that respondents have a duty to a speedy dispositional review of the detainer, he is not entitled to mandamus relief. Billiteri, 541 F.2d at 946.

Conclusion

Accordingly, the petition for a writ of mandamus is denied and the instant action is dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-445 (1962).

SO ORDERED.

Dora L. Irizarry
United States District Judge

Dated: Brooklyn, New York
April 18th, 2005

4